UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Magistrate No.
00M-1003-JGD

UNITED STATES OF AMERICA

v.

WINTON DELORBE-LUNA
a/k/a ISRAEL FLORES-ORTIZ

**MEMORANDUM AND ORDER ON
GOVERNMENT'S MOTION FOR DETENTION**

March 11, 2005

DEIN, M.J.

### I. GOVERNMENT'S MOTION FOR DETENTION

The defendant is charged in a criminal complaint with making false statements in an application for a United States passport, in violation of 18 U.S.C. § 1542. An initial appearance was held on March 2, 2005, at which time the defendant was represented by counsel. The government moved for detention on the grounds that the defendant poses a serious risk of flight, and that detention is warranted pursuant to 18 U.S.C. § 3142(f)(2)(A). A probable cause/detention hearing was held on March 7, 2005, at which time the defendant was represented by counsel.

The government presented the testimony of Special Agent Matthew Rhynd of the Diplomatic Security Service, since the affiant for the complaint, Special Agent Philippe Furstenberg, had been transferred and was unavailable. Defendant's counsel cross-examined Agent Rhynd. The defendant did not present any evidence.

After consideration of the testimony and the arguments of counsel, this court finds that the government has proved by a preponderance of the evidence that no condition or combination of conditions will assure the defendant's appearance as required, and that detention is appropriate under 18 U.S.C. § 3142(f)(2)(A).

## II. THE BAIL REFORM ACT

A.  Under the provisions of 18 U.S.C. § 3142 ("The Bail Reform Act"), the judicial officer shall order that, pending trial, the defendant either be (1) released on his or her own recognizance or upon execution of an unsecured bond; (2) released on a condition or combination of conditions; (3) temporarily detained to permit revocation of conditional release, deportation or exclusion; or (4) detained. See 18 U.S.C. § 3142(a).

Under § 3142(e), a defendant may be ordered detained pending trial if the judicial officer finds by clear and convincing evidence after a detention hearing "that no condition or combination of conditions (set forth under § 3142(b) or (c)) will reasonably assure the safety of any other person or the community . . . ," or if the judicial officer finds by a preponderance of the evidence after a detention hearing "that no condition or combination of conditions will reasonably assure the appearance of the person as required . . . ." See United States v. Patriarca, 948 F.2d 789, 792-93 (1st Cir. 1991).

B.  The government is entitled to move for detention on grounds of danger to the community in a case that –

(1)  involves a crime of violence within the meaning of 18 U.S.C. § 3156(a)(4);

(2)  involves an offense punishable by death or life imprisonment;

  (3) involves an offense proscribed by the Controlled Substances Act or the Controlled Substances Import and Export Act for which the punishment authorized is imprisonment for ten years[1] or more; <u>or</u>

  (4) involves any felony alleged to have been committed after the defendant has been convicted of two or more crimes of violence, or of a crime, the punishment for which is death or life imprisonment, or a ten year [or more] offense under the Controlled Substances Act or the Controlled Substances Import and Export Act.

Additionally, the government or the court <u>sua sponte</u> may move for, or set, a detention hearing where there is a serious risk that the defendant will flee, or where there is a serious risk of obstruction of justice or threats to potential witnesses.  <u>See</u> 18 U.S.C. § 3142(f).

  C. In determining whether there are conditions of release which will reasonably assure the appearance of the person as required and the safety of any other person and the community, or whether pretrial detention is warranted, the judicial officer must take into account and weigh information concerning --

  (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug;

---

[1] The maximum penalty is that provided by the statute defining and/or providing the punishment for the substantive offense – not the sentence, or even the maximum sentence, which might otherwise be imposed under the federal Sentencing Guidelines.  <u>See</u> <u>United States v. Moss</u>, 887 F.2d 333, 336-37 (1st Cir. 1989).

(2) the weight of the evidence against the accused;

(3) the history and characteristics of the person, including --

(a) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and

(b) whether, at the time of the current offense or arrest, the defendant was on probation, on parole, or other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State or local law; and

(4) the nature and seriousness of the danger to any other person or the community that would be posed by the person's release.

See 18 U.S.C. § 3142(g).[2]

### III. DISCUSSION OF WHETHER DETENTION IS WARRANTED

"Detention determinations must be made individually and, in the final analysis, must be based on the evidence which is before the court regarding the particular defendant." U.S. v. Tortora, 922 F.2d 880, 888 (1st Cir. 1990), and cases cited. Based on the record before me, I find that there are no conditions which may be imposed which will reasonably insure the defendant's presence at trial.

---

[2] No rebuttable presumptions under 18 U.S.C. § 3142(g) apply in this case.

### A. The Offense Charged And Weight Of The Evidence

The defendant is charged with making a false statement in an application for a United States passport. At this stage, the evidence against him is strong. Specifically, on December 15, 1999, the defendant applied for a United States passport in the name of Israel Flores-Ortiz. He used a birth certificate from Puerto Rico as evidence of citizenship and a Massachusetts driver's license for identification. There were indications that the application was fraudulent. Among other things, Flores-Ortiz reversed the order of his last name and could not speak English despite indicating that he had attended school in Lawrence, Massachusetts. Consequently, the application was sent for further investigation.

On October 10, 2000, the defendant (using the name Israel Flores-Ortiz) agreed to be fingerprinted. The fingerprints matched those of Winton Delorbe-Luna who had been arrested for distribution of narcotics by the Boston Police Department on April 20, 1999 and by the Lawrence Police Department on July 26, 2000. He was convicted of possession to distribute a Class A substance on July 9, 1999. He defaulted on the Lawrence charges and there is a warrant outstanding for his arrest. In addition to the fingerprints matching, the photograph of Winton Delorbe-Luna in the Massachusetts state records matched the defendant.

In February, 2005, the defendant was arrested in Rhode Island. At that time, he had in his possession a Rhode Island driver's license in the name Angel Cruz.

### B. History And Characteristics Of The Defendant

The defendant, age 29, was born on July 7, 1976 in Santo Domingo, Dominican Republic. He attended school through his third year of high school in Santo Domingo. The defendant has no immigration status, meaning that he is not here legally, and has never been removed. There are no immigration records reflecting his entry into the United States. The defendant faces deportation due to his conviction on the narcotics charges. He indicates that he is married (though it may be a common law marriage) and has one child, age 1½, with his wife. His wife is five months pregnant. The defendant also has a five year old son from another relationship. The defendant's wife's nationality and/or immigration status is unknown.

The defendant's parents and siblings are in the Dominican Republic. The defendant has lived in New York and Massachusetts. He has been in Massachusetts for at least three years. He has been employed at a boat-building company in Rhode Island under the name of Angel Cruz. Before then he worked in Lawrence, Massachusetts in the construction industry.

As noted above, the defendant has a criminal record. In 1999, he pleaded guilty in Roxbury District Court to a charge of possession to distribute a Class A controlled substance. He was placed on probation. He has violated his probation and is in default. In 2000, the defendant was arrested and charged with possession and distribution of cocaine. He was released on $1,000 cash bail and defaulted. There is a warrant out for his arrest.

### C. Risk of Flight

The defendant faces a lengthy period of incarceration, followed by deporation. In view of the number of identities the defendant has used, and his default record in the state court system, this court concludes that the risk of flight is very high. The ease with which the defendant changes identities would make locating him very difficult.

While the defendant does have ties to Massachusetts, he also has significant ties to the Dominican Republic. Given his immigration status, he cannot be employed legally. Based on all these factors, this court finds that the government has proved by a preponderance of the evidence that no combination of conditions will reasonably assure the defendant's appearance at future court proceedings.

## IV.  ORDER OF DETENTION

IT IS ACCORDINGLY ORDERED that the defendant be DETAINED pending trial, and it is further Ordered--

(1)   That the defendant be committed to the custody of the Attorney General for confinement in a correction facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

(2)   That the defendant be afforded a reasonable opportunity for private consultation with counsel; and

(3)   On order of a court of the United States or on request by an attorney for the government, the person in charge of the corrections facility in which the defendant is detained and confined deliver the defendant to an authorized Deputy United States Marshal for the purpose of any appearance in connection with a court proceeding.

                                              / s / Judith Gail Dein
                                      Judith Gail Dein
                                      United States Magistrate Judge