IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | CR. No. 05-10077-WGY |
| v. ) | |
| ) | |
| WINTON DELORBE-LUNA ) | |
| a/k/a Israel Flores Ortiz ) | |

**JOINT MOTION TO COMBINE RULE 11 HEARING AND SENTENCING**

The United States of America, by and through its attorneys, Michael J. Sullivan, U.S. Attorney for the District of Massachusetts and Nadine Pellegrini, Assistant U.S. Attorney and John Wall, Esq., counsel for the defendant, hereby jointly move to request the Court to permit both the plea and sentencing of the above-captioned defendant to go forward on June 8, 2005 at 2:00 p.m.

The basis for the motion is as follows:

1. Currently, there is a final pre-trial conference scheduled for June 8, 2005 at 2:00 p.m. in this matter. The Defendant has indicated to the government, and now advises the court, that he wishes to enter a plea of guilty to the Indictment on that date.

2. Additionally, the parties are requesting the court to dispense with the preparation of a pre-sentence investigation and sentence the Defendant on the date of the plea. The parties state

that the court has sufficient information to exercise its sentencing authority meaningfully, without the assistance of the pre-sentence report, pursuant to Fed. R. Crim. P. 32(b)(1).

3. The Defendant, an illegal alien, is charged with one count in violation of 18 U.S.C. §1542, (false statement in application for a U.S. passport).

4. Under the advisory Sentencing Guidelines, the applicable guideline is U.S.S.G. §2L2.2 and the base offense level is 8 pursuant to U.S.S.G. §2L2.2(a). Acceptance of responsibility pursuant to U.S.S.G. §3B1.1 would allow for a decrease of 2 levels, bringing the adjusted offense level to 6. There are no other applicable adjustments to the guideline range.

5. The Defendant's criminal history category is Criminal History Category II, due to the fact of a prior conviction and the fact that the defendant was on probation at the time of the commission of the offense.

6. An adjusted offense level of 6 within Criminal History Category II provides for an advisory guideline range of 1 to 7 months. Counsel for the government and the defense have reviewed the facts and circumstances surrounding the case the calculation of the guidelines and agree with this conclusion.

7. The Defendant has been in custody since February 24, 2005, hereby serving more than the minimum required. The parties will jointly recommend a sentence of time served, which falls

within the 1 to 7 month guideline range applicable to the defendant.

8. Additionally, there is currently an Immigration and Customs Enforcement ("ICE") detainer lodged against the Defendant and upon his conviction and sentencing, he will go into ICE custody to face removal proceedings.

9. Based upon the foregoing, the United States and counsel for the Defendant suggest that the court has sufficient information to exercise meaningfully its sentencing authority under 18 U.S.C. §3553 and thus proceed to sentencing on June 8, 2005 with a pre-sentence investigation or report.

10. The parties further request that the court sentencing the Defendant on June 8, 2005 so as to facilitate his deportation.

|  |  |
|---|---|
|  | Respectfully submitted, |
| For the Defendant | MICHAEL J. SULLIVAN<br>United States Attorney |
| By: /s/John Wall<br>    John Wall, Esq.<br>    Law Office of John Wall<br>    One Commercial Wharf West<br>    Boston, MA 02110 | By:  /s/Nadine Pellegrini<br>    Nadine Pellegrini<br>    Assistant U.S. Attorney |